# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE HILL, | 1:08-CV-00661 LJO SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| V. M. ALMAGER, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

On April 1, 2008, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Southern District of California. The petition was transferred and received in this Court on May 12, 2008. Petitioner complains the California Department of Corrections maintains a 41-page confidential file in his central file which he has not been allowed to view. He seeks to conduct an in camera review of the file to determine whether it contains unreliable or illegal information. He claims the information contained in the file has prejudiced him in his past parole hearings and will prejudice him in future hearings.

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In the instant case, Petitioner fails to state a cognizable federal claim. He asserts the information contained within the confidential file has prejudiced him in his previous parole hearings. This claim is completely conclusory and unsupported by any evidence. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 29 (9th Cir.1994); Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir.1995) (holding that conclusory allegations made with no reference to the record or any document do not merit habeas relief); Allard v. Nelson, 423 F.2d 1216, 1217 (9th Cir.1970) (Conclusory allegations in a habeas petition fail to state a claim and do not suffice to shift the burden to the state to answer an order to show cause.); Campbell v. Wood 18 F.3d 662, 679 (9th Cir.1994), *citing* Boehme v. Maxwell, 423 F.2d 1056, 1058 (9th Cir.1970) ("An evidentiary hearing is not required on allegations that are "conclusory and wholly devoid of specifics.'"). Petitioner does not allege the previous panels used any improper or incorrect information. He merely assumes that whatever information is contained in the file must be prejudicial. This is insufficient to present a federal claim. Even if the Board had used incorrect information, Petitioner could have and should have objected at those hearings and clarified the information.

Petitioner also contends the information in the file will be used in future hearings to his detriment. This claim presents a threshold question of ripeness. The Supreme Court has stated that the basic rationale of the ripeness doctrine "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." Thomas v. Union Carbide Agricultural Products Co., 473 U.S. 568, 580 (1985). The court's role is "neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." Thomas v. Anchorage Equal Rights Com'n, 220 F.3d 1134, (9th Cir.2000). Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all. Pacific Gas & Elec. Co. v. State Energy Resources Conservation & Dev. Comm'n, 461 U.S. 190, 200-01 (1983); Dames & Moore v. Regan, 453 U.S. 654, 689 (1981). Ripeness is, thus, a question of timing. Regional Rail Reorganization Act Cases, 419 U.S. 102, 139 (1974).

Petitioner's claim is not ripe for adjudication because the hearing has not yet occurred. No

case or controversy currently exists, and there is a real likelihood that Petitioner's claim will never present a case or controversy. The Supreme Court has cautioned against courts "entangling themselves in abstract disagreements." Abbott Laboratories v. Gardner, 387 U.S. 136, 148-49 (1967). Therefore, the claim must be dismissed.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED with leave to amend for failure to state a claim cognizable under 28 U.S.C. § 2254.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 20, 2008**          **/s/ Sandra M. Snyder**
                                    UNITED STATES MAGISTRATE JUDGE